IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BERNARD ALIMENTI, individually,**
**HOWARD ELLIS, individually, and**
**MATTHEW MCGILL, individually and**
**as Town Councilman,**                                    CASE NO:  5:20-cv-00386-JSM-PRL

      Plaintiff,

vs.

**TOWN OF HOWEY-IN-THE-HILLS,**
**MAYOR MARTHA MACFARLANE, in her**
**official and individual capacity, COUNCILMAN**
**DAVID NEBEL, in his official and individual**
**capacity, LAWRENCE CHESTER, individually,**
**and CHIEF HERBERT THOMAS, in his official**
**and individual capacity,**

      Defendants.
_____/

## DEFENDANT MAYOR MARTHA MACFARLANE'S
## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COMES NOW Defendant MAYOR MARTHA MACFARLANE (hereinafter MAYOR) by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) and 12(f), and hereby files this Motion to Dismiss Plaintiffs' Complaint and incorporated memorandum of law, and as grounds therefore would state as follows:

### I. STATEMENT OF THE CASE AND PROCEDURAL HISTORY

Plaintiffs filed the instant Complaint on August 20, 2020, against five Defendants[1]. [Doc.1].  In the Complaint, Plaintiffs allege violations of Plaintiffs' "First, Fourth[2], and

---

[1] Plaintiff has since voluntarily dismissed his claims as against Defendant LAWRENCE CHESTER, [Doc. 20, Doc. 21] after the filing of Defendant CHESTER's Motion to Dismiss [Doc. 15] and his Motion to Sever [Doc. 19].

Fourteenth Amendment" rights under the United States Constitution, as well as a number of alleged violations of state law. [Doc. 1, ¶ 1].

Plaintiffs' Complaint is far from a model of clarity as it applies to the claims against Defendant MAYOR, as it is entirely unclear what the premise of the underlying claims are against Defendant MAYOR. As best Defendant MAYOR can tell, Plaintiffs' claims arise from a general displeasure with the way the TOWN, and the other Defendants, run TOWN business, including a number of disjointed gripes, as well as complaints about the citizenry of the TOWN taking various actions against Plaintiff MCGILL. [Doc. 1]. Plaintiffs bring several claims as against the five Defendants – for purposes of clarity this Motion will only address the claims brought by Plaintiff MCGILL[3] against Defendant MAYOR, which are as follows: Count II - "42 U.S.C. § 1983 First and Fourteenth Amendment Violation for Retaliation;" Count V "Civil Conspiracy;" and Count VII– "Defamation." [Doc. 1]. Plaintiffs appear to be seeking compensatory damages, injunctive and declaratory relief, punitive damages, and attorney's fees and costs. [Doc. 1].

Here, while the Complaint contains conclusory statements that Plaintiffs' rights have been violated, there are no factual allegations that bear out these bald legal conclusions. [Doc. 1]. Further, the Complaint is rife with pleading deficiencies, like lumping Defendants together throughout the Complaint, such that is not entirely clear what exactly is being alleged as against each individual Defendant, and/or what exactly the involvement of each individual Defendant was. Instead, the Complaint is full of general statements like "Defendants unlawfully retalied

---

[2] Other than stating Plaintiffs are alleging a Fourth Amendment claim in the introductory paragraphs of the Complaint, there is no other mention elsewhere in the Complaint. [Doc. 1]. Thus, to the extent Plaintiffs sought to bring such a claim, the same should be dismissed as, certainly, it is not sufficiently pled.

[3] Despite this Complaint being filed by three Plaintiffs – the only Plaintiff with claims against Defendant MAYOR is Plaintiff MCGILL. This is only one of a number of reasons the claims brought by these three Plaintiffs should be severed as addressed in the Defendants Motion to Sever filed concurrently herewith.

against McGill" [Doc. 1, ¶93] without any allegation as to what exactly each Defendant allegedly did. Plainly, the Complaint does not provide Defendant MAYOR with the fair notice to which the MAYOR is entitled under the Federal Rules. At the very least, and as discussed in the Motion to Sever Claims filed concurrently herewith, Plaintiffs should be required to file separate lawsuits and, in the same, address their Counts to specific Defendants, detailing what part each Defendant played in the alleged violation of Plaintiffs' rights. Moreover, as set forth in detail below, the claims are insufficient as a matter of law.

The Complaint is wholly deficient and subject to dismissal. Defendant MAYOR cannot reasonably be expected to answer or defend a Complaint as unclear and vague as Plaintiffs'.

## II. MEMORANDUM OF LAW

### A. Standard of Review

Under Federal Rules of Civil Procedure 12(b)(6), a complaint must be dismissed "if the facts as plead do not state a claim for relief that is plausible on its face." *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260-61 (11th Cir. 2009). In considering a motion to dismiss, a court accepts all well-plead allegations as true and construes the allegations in the light most favorable to the non-moving party. *See id.* However, a court need not accept as true conclusory allegations or "unfounded deductions of fact." *See id.* But rather, a plaintiff's allegations of fact must be sufficient to raise a right to relief beyond a speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Accordingly, "naked assertions devoid of further factual enhancement" will not suffice to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).

In testing the sufficiency of a plaintiff's allegations, the Court does not presume that the plaintiff can prove facts that are not stated, nor does the Court assume that the defendant has

3

violated laws in ways not alleged. *See Associated Gen. Contractors v. Cal State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Sinaltrainal*, 578 F. 3d at 1260-61. Moreover, the Court will not supply additional factual allegations or construct legal theory on a plaintiff's behalf simply because his pleadings must be construed liberally. *See Kermanj v. Goldstein*, 401 F.App'x 458, 460-61 (11th Cir. 2010). Thus, if the Complaint does not contain well plead allegations that "plausibly give rise to an entitlement of the relief," the action must be dismissed. *See Iqbal*, 139 S.Ct. at 1950.

### B. Plaintiff's Amended Complaint is Legally Deficient

Plaintiff must provide "enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Here, Plaintiffs simply have not alleged sufficient facts, nor have Plaintiffs properly pled each cause of action. The complete inadequacy of the factual allegations hinders Defendant's ability to prepare a defense and this Court's ability to address Plaintiff's claims.

In setting forth a claim, a plaintiff must provide a short and plain statement of the basis of the court's jurisdiction and the plaintiff's entitlement to and demand for relief. Fed.R.Civ.P. 8(a). A complaint is to be "simple, concise, and direct" as mandated by Rule 8(d)(1), as well as a "short and plain statement of the claim[s]" as required by Rule 8(a)(2). Here, Plaintiffs improperly lump the Defendants together thereby depriving them of adequate notice of their claims. This practice of lumping multiple defendants together and failing to provide specific allegations has routinely been determined not to satisfy Rule 8's pleading requirements. *See Lane v. Capital Acquisitions & Mgmt. Co.*, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8."); *Synergy*

4

*Real Estate of SW Florida, Inc. v. Premier Prop. Mgmt. of SW Florida, LLC*, 2013 WL 5596795, at *2 (M.D. Fla. Oct. 11, 2013) ("Although the Court has stated and again reminded plaintiffs that indiscriminately lumping 'defendants' together fails to comply with Fed. R. Civ. P. 8, the Second Amended Complaint continues to indiscriminately lump defendants together.").

Thus, even a cursory review of the Complaint reveals it is entirely insufficient and must be dismissed.

### C. Improper Parties

Plaintiffs have named a number of parties to this claim which are improper as a matter of law and, thus, all claims brought against them must be dismissed. As it applies here, Plaintiffs have named Defendant MAYOR in both her official and individual capacity. However, the Eleventh Circuit has clearly established that suits brought against individuals in their official capacities for violations of 42 U.S.C. § 1983 are tantamount to suing the municipality itself. *See Busby v. City of Orlando,* 931 F.2d 764, 766 (11th Cir.1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly.") Thus, while Plaintiffs have brought suit against Defendant MAYOR in her official capacity, the intended defendant was the TOWN. *Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1369-70 (M.D. Fla. 1999).

Turning to Plaintiffs' state law claims, to the extent Plaintiffs are attempting to allege that Defendant MAYOR is liable in her official capacity for violations of Florida law, "[a] suit against a defendant in his official capacity is, in actuality, a suit against the governmental entity which employs him." *See Stephens v. Geoghegan,* 702 So.2d 517, 527 (Fla.App. 2d Dist.1997).

5

Thus, similar to with a claim under 42 USC § 1983, a suit against Defendant MAYOR in her official capacity on Plaintiffs' state law clams, are to be treated as claims against Defendant TOWN. *See Geidel,* 56 F. Supp. 2d at 1370.

Thus, any claim brought against Defendant MAYOR in her official capacity in this matter must be dismissed **with prejudice**, since the TOWN is a named party and the claims are treated as claims against Defendant TOWN.

### D.  Count II  - "42 U.S.C. § 1983 First and Fourteenth Amendment Violation for Retaliation" by Plaintiff MCGILL against ALL Defendants

This Count fails as it is plainly insufficiently pled.  Despite Plaintiffs' lengthy complaint, nowhere does Plaintiff MCGILL address the actual elements of a cause of action for a violation of Plaintiff's right to free speech, with an application of facts to these elements.

In other words, despite being rife with legal conclusions, the Complaint does not actually identify what actual speech Plaintiff McGill engaged in that allegedly enjoyed first amendment protection; Plaintiff has not identified how the MAYOR prevented him from engaging in that speech or otherwise violated his rights; and Plaintiff MCGILL has not identified any causal connection between any action taken by the MAYOR and any alleged constitutional deprivation. Further, while Plaintiff has titled this claim a "retaliation" claim, the Complaint appears to indicate perhaps he is alleging Defendants prevented him from engaging in free speech in violation of his First Amendment rights.  [Doc. 1, ¶ 22].  To the extent Plaintiff intends to make such a claim, the same is an entirely separate cause of action that would need to be pled separately from this purported retaliation claim.

As applies here, there is a "heightened pleading requirement in section 1983 claims against individuals and plaintiffs cannot rely on 'vague or conclusory' allegations." *Epps v. Watson,* 492 F.3d 1240, 1242–43 (11th Cir.2007)(*citing GJR Invs., Inc. v. Cnty. of*

*Escambia,* 132 F.3d 1359, 1367 (11th Cir.1998); *Fullman v. Graddick,* 739 F.2d 553, 556–57 (11th Cir.1984)); *see also Horne v. Soc. Sec. Admin.,* 359 Fed.Appx. 138, 143 (11th Cir.2010). As such, in § 1983 cases like this one, "the complaint must allege the relevant facts 'with some specificity.'" *Epps,* 492 F.3d at 1243 (citing *GJR Invs.,* 132 F.3d at 1367). That is, in a claim brought against an individual pursuant to 42 U.S.C. § 1983

> [m]ore than mere conclusory notice pleading is required. A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.... Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. We must also keep in mind the fact that we generally accord official conduct a presumption of legitimacy.

*Horne,* 359 Fed.Appx. at 143 (alteration in original) (quoting *Dalrymple v. Reno,* 334 F.3d 991, 993, 996 (11th Cir.2003)).

In applying the heightened pleading requirement, it is apparent Plaintiff MCGILL has in no way met the same; there is a complete and total lack of any specific allegations as to what his alleged protected speech was, who retaliated against him on account of the same, and what actions were taken by whom in alleged retaliation. Instead, each Defendant, and this Court, is left to parse through the Complaint and guess how exactly they are being alleged to have violated Plaintiff's rights. This is plainly insufficient as a matter of law. As such, Plaintiff MCGILL's claim fails as a matter of law and is subject to dismissal.

### E. Plaintiffs' State Law Claims

#### 1. Count V – "Civil Conspiracy"

Aside from the pleading deficiencies as discussed above, this claim also fails as a matter of law. Conspiracy claims require (a) an agreement between two or more parties to do an unlawful act or to do a lawful act by unlawful means, (b) the doing of an overt act pursuant to the conspiracy, and (c) damage to the plaintiff as a result of the acts done under the alleged

7

conspiracy. *See Hoch v. Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A.*, 742 So.2d 451, 460 (Fla. 5th DCA 1999).  However, under the intra corporate conspiracy doctrine, a corporation's directors, officers, etc., are deemed incapable of conspiring among themselves or with the corporation. *Dickerson v. Alachua County Com'n*, 200 F.3d 761, 767 (11th Cir. 2000).  The reasoning behind the intra corporate conspiracy doctrine is that it is impossible for a single legal entity to conspire with itself, just as an individual cannot conspire with himself. *See id.* This doctrine applies to public government entities and its agents, like Defendant TOWN and the Individual Defendants named in this claim, like Defendant MAYOR. *See id.*  Accordingly, this claim fails as neither Defendant TOWN, nor its agents, like Defendant MAYOR, can conspire with itself, thereby negating the element of this claim that there be an agreement between two or more parties.  As such, this claim must be dismissed **with prejudice.**

### 2.  Count VII – "Defamation"

Aside from the litany of pleading deficiencies set forth above, like lumping Defendants together, this claim is also due to be dismissed **with prejudice,** as a defamation claim cannot be made against a public official, like Defendant MAYOR.

Defendant MAYOR has an absolute privilege as to any statements made incidental to official duties.  *See Cobbs Auto Sales, Inc. v. Coleman*, 353 So. 2d 922 (Fla. 4th DCA 1978).  It is widely held in Florida law that public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged.  *See Id.*; *see Cassell v. India,* 964 So. 2d 190 (4th DCA 2007).  This absolute privilege applies where the communication is in the scope of the official's duties.  *See Id.; City of Miami v. Wardlow*, 403 So. 2d 414, 416 (Fla. 1981).  Florida law affords this protection to low-level, as well high-placed, public officials. *See generally Alfino v. Department of Health and Rehabilitative Services,* 676

So.2d 447 (Fla. 5th DCA 1996) (Sharp, J., concurring). Court's justify this immunity as it being better "to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *McNayr v. Kelly,* 184 So.2d 428, n. 12 (Fla.1966).

Here, in the first instance, nowhere does the Complaint even set forth a defamatory statement made by Defendant MAYOR. [Doc. 1]. However, in any case, all "Defendants' statement were made at official government proceedings and to government agencies…," [Doc. 1, ¶ 117] and, as such, Defendant MAYOR is entitled to absolute immunity. Thus, this claim must be dismissed **with prejudice.**

### III. CONCLUSION

By all measures, Plaintiffs' Complaint is entirely insufficient. Plaintiffs have not stated a single claim upon this Defendant which relief can be granted. As such, Defendant MAYOR MARTHA MACFARLANE move this Court to dismiss Plaintiffs' Amended Complaint. Further, Defendant respectfully requests that, to the extent Plaintiffs are permitted to file an Amended Complaint with respect to Plaintiffs' federal claims, that the Court sever the Plaintiffs' claims into three separate claims brought against the respective Defendants, as addressed more fully in the Motion to Sever filed concurrently herewith.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 22, 2020, I electronically filed Defendant, Martha Macfarlane's Motion to Dismiss Plaintiff's Complaint with the clerk of the court by

using the CM/ECF system which will send a notice of electronic filing to April S. Goodwin, Esq., The Goodwin Firm, 801 West Bay Drive, Suite 705, Largo, FL 33770-3266.

          */s/Patricia Rego Chapman*
PATRICIA REGO CHAPMAN, ESQ.
Florida Bar No. 0085309
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310    Fax: 407-648-0233
PChapman@DRML-Law.com
Attorneys for Defendant, TOWN OF HOWEY-IN-THE-HILLS, MAYOR MARTHA MACFARLANE, and CHIEF HERBERT THOMAS